# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>               Plaintiff,<br><br>     v.<br><br>GIPSON, et al.,<br><br>               Defendants. | **Case No. 1:14-cv-00042-AWI-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 1, 8, 10)**<br><br>**30-DAY DEADLINE** |

Plaintiff, Zane Hubbard, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on January 13, 2014. (Doc. 1.) It was screened and dismissed with leave to amend. (Doc. 7.) On March 31, 2014, Plaintiff filed the First Amended Complaint which was screened and dismissed with leave to amend. (Docs. 8, 9.) Plaintiff's Second Amended Complaint is now before the Court for screening. (Doc. 10.)

Each pleading that Plaintiff has filed in this action has become more verbose and prolix. Plaintiff's Second Amended Complaint contains minimal specific factual allegations[1] and is

---

[1] The Second Amended Complaint contains nineteen pages of pleading and eighty-one pages of exhibits. (Doc. 10.) Specific factual allegations only make up approximately a page and a half of the nineteen pages of pleadings. (*Id.*, at 8:24-10:3.)

1

replete with citations and references to various acts of congress, treaties, and resolutions arrived at various conventions of nations (i.e. the Geneva Convention) with no basis for their application to the conditions of Plaintiff's confinement so as to be cognizable under § 1983. (*Id.*) It is noteworthy that Plaintiff does not identify any of his specific constitutional rights related to his terms of confinement that he feels have been violated, despite having twice previously been provided with various legal standards applicable to claims under § 1983 that appeared to be relevant. (*See* Docs. 7, 9.) Further, the screening order which granted Plaintiff leave to file the Second Amended Complaint clearly stated that any claims contesting his arrest, conviction, or imprisonment are not cognizable under § 1983 and if he continued to pursue his earlier release, the action would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (Doc. 9, 7:5-20.) In the face of all of this, one of the items of relief which Plaintiff seeks is "Release Plaintiff from the SHU and prison. . . " and repeatedly references "habeas corpus," "illegal detainment," and other such phrases which convey that Plaintiff believes he, and others, should not be in custody. (*i.e.* Doc. 10, 10:16-17, 10:22-24, 10:28-11:10, 14:4, 18:17, 18:24.) Thus, it appears that Plaintiff is persisting to pursue this action in an attempt to secure his release from prison.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Second Amended Complaint does not contain any allegations to show that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. It appears that Plaintiff's intent in filing this action is for habeas corpus relief

rather than to pursue claims under § 1983.

Accordingly, it is HEREBY ORDERED that **within 30 days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: **August 21, 2014**              **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE