# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>             Plaintiff,<br><br>      v.<br><br>GIPSON, et al.,<br><br>             Defendants. | Case No. **1:14-cv-00042-AWI-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Docs. 1, 9, 10, 13, 14)** |

**I. Background**

    In his Second Amended Complaint, Zane Hubbard again seeks to challenge the legality or length of his prison sentence and, in particular, seeks his release from custody. (Doc. 10.)

    Despite being warned in the order that dismissed his First Amended Complaint of the parameters and application of *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994) to actions under section 1983, Plaintiff persists in complaining of the fact of his imprisonment and to seek his release in his verbose and prolix Second Amended Complaint.[1]

    Thus, on August 22, 2014, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*. (Doc. 13.) On September 8,

---

[1] The Second Amended Complaint contains nineteen pages of pleading and one hundred forty-eight pages of exhibits. (Doc. 10.) Specific factual allegations only make up approximately a page and a half of the nineteen pages of pleadings. (*Id.*, at 8:24-10:3.)

1

2014, Plaintiff filed his response which he titled as a motion for reconsideration.  (Doc. 14.)

**II.  The Order to Show Cause -- *Heck v. Humphrey***

The OSC reminded Plaintiff that when one challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, the sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id.* at 488.

In his response to the OSC, Plaintiff states that he is pursuing his habeas corpus claims in other actions.  (Doc. 14, p.2.)  However, despite the pendency of those two actions and being advised that claims which may lead to his earlier release are barred in an action under § 1983, in his OSC response, Plaintiff continues to assert that he is "convicted on an arbitrary imprisonment" (*id.*, p. 1) and that he is "beyond a reasonable doubt, falsely imprisoned, and because of [his] false imprisonment, the refuted civil rights violation is inhumane" (*id.*).  Plaintiff further states that he "go[es] on about Guantanimo [sic] Bay, the Geneva Conventions interwoven with [his] arguments because the Eastern District Courts and CDCR seem to think Plaintiff has no rights and you can mistreat me which is not true.  The Magna Carta decreed that no man would suffer the restraint Plaintiff currently suffers."  (*Id.*, at p. 2.)  Thus, clearly, Plaintiff is complaining about his conviction and confinement and has failed to show cause why this action should not be dismissed as barred by *Heck*.

However, even if this action were not barred by *Heck*, despite having been given the applicable pleading standards twice (*see* Docs. 7, 9), the Second Amended Complaint fails to state a cognizable claim upon which to allow this action to proceed.

**III. The Second Amended Complaint**

    **A.**    **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

    **B.**    **Summary of the Second Amended Complaint**

Plaintiff complains of acts that occurred while he was an inmate at California State Prison ("CSP") in Corcoran, California. Plaintiff names President Barrack Obama, Officer Usery of the Bakersfield Police Department, Corcoran's IGI Captain; Eastern District Court of California, the FBI, the Department of Justice, and the Solicitor General as the defendants in this action. As discussed below, the majority of these named Defendants are entitled to immunity on Plaintiff's claims. Further, as in the original and First Amended Complaint, Plaintiff fails to link the majority of the named defendants to his allegations and makes general references to "they," "the officials," and "authorities." The only Defendant that Plaintiff links to his factual allegations are the IGI Captain and the Solicitor General, but his allegations against them, as discussed below, are not facially plausible. Further, Plaintiff seeks to challenge various broad-scale activities such as "genocidal activity by persons under color of the United States Law who have abused power, subjecting or caused to be subjected, Plaintiff [Hubbard, Zane] a citizen of the United States of America to Sterilization, asexualization [sic] of a parolee for existing, (Re: [53 A.L.R. 3d 960] depriving Plaintiff of my citizenship . . . " and various other legal conclusions, but fails to support them with specific factual allegations. (*See* Doc. 10, p. 3.)

The sparse factual allegations that Plaintiff makes are generally nonsensical and facially implausible and/or complain of esoteric activities that are not linked to any Defendant(s) in this action. To wit: "through electorconvlusive therapy, IGI Lieutenant S. Pina, during daily interrogations threatened to 'kill me' and 'set me up,' as a means to insteal [sic] fear in Petitioner;"

3

1  through the same line of conduct, IGI LT. J.S. Garcia told me to 'fuck my mom' in Spanish in
2  order to anger me so his unidentified captain of IGI can galvanize me through the ect [sic]
3  torture;" "the Superintendent of Corcoran on a daily basis calls Plaintiff a 'disgrace' and states I
4  have 'tattoos on my face,' he calls me the 'black hand,' the 'Son of God,' and [sic] deserve all the
5  torture inflicted upon me;" "the IGI Captain must be the 'pilot,' the head of the interrogation
6  torture.  If Petitioner tenses in any form or manner he lets loose a buckshot [sic] of slander and
7  other harassing verbage [sic] to irritate Plaintiff to act out violently, other times he galvanizes
8  Petitioner.  Plaintiff wakes up in a state of paralysis to a massive earthquake, or stops breathing in
9  my sleep for an undetermined amount of time and wakes up gasping for air other times IGI
10 Captain (Defendant) galvanizes Petitioners eyes depriving Plaintiff of sleep, Plaintiff already
11 suffers insomnia from long use of methamphetamines;" "the IGI Captain (Defendant) is also
12 responsible for holding Petitioner hostage in Corcoran as an 'enemy combatant' literally to the
13 SNY inmates.  He threatens that Petitioner will not walk out/parole from Corcoran or CDCR
14 unless Plaintiff SNYs [sic] and halls [sic] called in favors to legislation [sic] at an attempt to
15 obstruct all Petitioners litigations and appeal of unlawful conviction which has resulted in the
16 fundamental miscarriage of justice.  This behavior, while under the color of authority not only
17 violates Petitioner's due process rights, but the Geneva Convention and the Genocide Convention.
18 Not to mention, during a surgery in 2007, it is believed that the same IGI Captain ordered the
19 implementation of a chip, tracking device '666' in my lower right leg tibia, exactly. This was done
20 without my knowledge or consent and was newly discovered in Corcoran, during interrogation,
21 Petitioner's lower right foot vibrates.  The Department of Corrections also has or has attempted to
22 destroy my identity, creative arts, and life as mentioned above and I find reason to believe this is
23 genocide."  (Doc. 10, 8:24-10:5.)  These are the most specific allegations in the Second Amended
24 Complaint.  All of the other pages either identify parties or discuss various laws, Acts of
25 Congress, international conventions, treaties, and the like.
26      Among other things, Plaintiff seeks "1) a declaratory judgment that the Defendants' acts
27 and practices described herein are genocidal to Petitioner. 2) . . . for a memorandum from the
28 Department of Justice ("DOJ") to the CIA interpreting the 'Convention Against Torture,'

'Nuremberg Tribunal,' the 'Security Counsel Tribunal,' 'United Nations Treaty Series 277,' 'Rome Statute of the (ICC),' 'The Nationality Act Provisions,' 'the Hate Crime Act of (1990),' and the Klu Klux Klan Act of (1944). . . .." (*Id.*)

Despite having repeated opportunity to cure deficiencies and being provided applicable pleading standards, Plaintiff has not stated any cognizable claims. It thus appears futile to allow further efforts to amend as to do so may encourage fabrication.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

The prior screening orders have stated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Despite being advised of these parameters, the Second Amended Complaint clearly violates the brevity requirement of Rule 8 as it ballooned to 167 pages in length when Plaintiff's First Amended Complaint was a mere 5 pages and his original Complaint was only 3 pages.

Further, Plaintiff was also previously admonished that while detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. Plaintiff was warned that he must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. While "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, courts are not required to indulge

unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

The following of Plaintiff's allegations are simply not facially plausible:  (1) that Plaintiff was subjected to "electroconvulsive therapy;" (2) that he has been "galvanized" through "ect torture;" (3) that the Superintendent of Corcoran daily calls Plaintiff names and thinks about torture being inflicted on him that the IGI Captain heads sessions of "interrogation torture" on Plaintiff to make him act out and/or to "galvanize" Plaintiff; (4) that Plaintiff is paralyzed only to wake up to a massive earthquake; that the IGI Captain "galvanizes" Plaintiff's eyes to subject him to sleep deprivation; that the IGI Captain has held Plaintiff in Corcoran as an "enemy combatant" to SNY inmates and has called in favors to pass legislation to obstruct Plaintiff's appeals to his conviction; and (5) that the IGI Captain ordered a tracking chip placed in Plaintiff's lower left leg during a surgical procedure back in 2007 that causes his foot to vibrate when he is being interrogated.  These allegations, while certainly disturbing if Plaintiff truly believes them, appear at best fanciful, verging on delusional.  However, none of these allegations, alone or in combination, state a facially plausible claim.

## 2.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

*Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Further, Plaintiff cannot bring claims under section 1983 against other inmates as they are not persons acting under color of state law.

The only named Defendants that Plaintiff links to his sparse factual allegations are the IGI Captain and the Superintendent of Corcoran, but as just previously discussed, his allegations against them are not facially plausible. None of the other named Defendants are linked to any of Plaintiff's allegations such that Plaintiff has not put the Defendants on notice of his claims against them. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Immunities

Even if Plaintiff had linked all of the named Defendants to his factual allegations, President Barrack Obama, Eastern District Court of California, the FBI, the Department of Justice, and the Solicitor General would all be entitled to immunity from suit.

#### a. Presidential Immunity

President Obama is absolutely immune from suit for damages for conduct that is part of the President's official duties. *See Forrester v. white*, 484 U.S. 219, 225 (1988); *Nixon v. Fitzgerald*, 457 U.S. 731, 756-58 (1982); *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991); *cf. Clinton v. Jones*, 520 U.S. 681, 694-95 (1997) (holding no immunity from suit for conduct not taken in official capacity).

#### b. Judicial Immunity

Plaintiff does not link the Eastern District Court to any specific factual allegation. However, federal judges are absolutely immune from civil liability for damages and declaratory, injunctive, and other equitable relief for their judicial acts. *Mullis v. U.S. Bankruptcy Court, Dist.*

*of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" *Mullis*, 828 F.2d at 1388 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978)). A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction. *Id*. at 1389.

In addition, judicial immunity will be lost if the judge performs an act that is not "judicial" in nature. The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. at 362.

Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Plaintiff does not specify any actions or rulings made by the judges and/or the Eastern District Court in any specific case. However, the actions or rulings made by the judges in connection with cases to which the judges were assigned were within their jurisdiction. Plaintiff cannot possibly win relief against the judges and/or the Eastern District Court because of absolute judicial immunity. *See Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).

### c. Prosecutorial Immunity

While Plaintiff names the FBI, the Department of Justice, and the Solicitor General as Defendants in this action, they are all entitled to prosecutorial immunity when persons employed by those departments are acting pursuant to their official roles as governmental advocates performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Goldstein v. City of Long Beach*, 481 F.3d 1170, 1173 (9th Cir. 2007), *cert. granted*, 128 S. Ct. 1872 (U.S. Apr. 14, 2008) (No. 07-854); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir. 2005); *KRL v. Moore*, 384 F.3d

1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

### D. Claims for Relief

Plaintiff did not delineate any claims for relief that he hoped to pursue in the Second Amended Complaint. He was previously given the standards for claims under the Eighth Amendment for use of excessive force and for deliberate indifference to serious medical needs. Despite this, the Court is unable to identify any attempt by Plaintiff to state factual allegations to address the elements of a claim under the Eighth Amendment. As discussed above, Plaintiff's sparse fanciful/surreal allegations are not facially plausible. Plaintiff does not state any cognizable claims upon which to proceed in this action.

## III. CONCLUSION

Plaintiff's Second Amended Complaint is barred by *Heck v. Humphrey* and fails to state a cognizable claim against any of the named Defendants. Given Plaintiff's persistence in attempting to pursue claims that he as previously been advised are not actionable and his apparent inability to state allegations to meet the elements of a cognizable claim, it appears futile to allow further amendment.

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed and count as a strike for purposes of 28 U.S.C. §1915(g) as Plaintiff has both failed to state a cognizable claim and, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), is barred from bringing this action under 28 U.S.C. § 1983. It is further recommended that Plaintiff's motion for reconsideration regarding the order to show cause, filed September 8, 2014 (Doc 14), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **October 16, 2014**                         **/s/ Jennifer L. Thurston**
                                                                                        UNITED STATES MAGISTRATE JUDGE