# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>            Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>            Defendants. | **Case No.  1:14-cv-00042-AWI-JLT (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION and DISMISS CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Docs. 14, 15)** |

    Plaintiff, Zane Hubbard, is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff filed the Complaint in this action on January 13, 2014.  (Doc. 1.)  It was screened and dismissed with leave to amend for failure to state a claim.  (Doc. 7.)  On March 31, 2014, Plaintiff filed the First Amended Complaint which was screened and dismissed with leave to amend for failure to state a claim.  (Docs. 8, 9.)  Plaintiff filed the Second Amended Complaint on June 23, 2014.  (Doc. 10.)

    Despite being warned in the order that screened the First Amended Complaint of the parameters and application of *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994) to actions under section 1983, Plaintiff persisted to complain of his imprisonment and to seek his release in the

1

Second Amended Complaint.[1]  On August 22, 2014, the Magistrate Judge issued an order giving Plaintiff thirty days to show cause ("OSC") why this action should not be dismissed as barred by *Heck v. Humphrey*.  (Doc. 13.)  On September 8, 2014, Plaintiff filed his response which he titled as a motion for reconsideration.  (Doc. 14.)  Thus, on October 17, 2014, the Magistrate Judge reviewed Plaintiff's motion for reconsideration and screened the Second Amended Complaint resulting in Findings and Recommendations that Plaintiff's motion for reconsideration be denied and that the action be dismissed as barred by *Heck v. Humphrey* and for failure to state a claim.  (Doc. 15.)  Plaintiff filed timely objections on October 30, 2014.  (Doc. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on October 17, 2014 (Doc. 15), is adopted in full;
2. This action is dismissed with prejudice as barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and because Plaintiff fails to state a cognizable claim for relief;
3. Plaintiff's motion for reconsideration regarding the order to show cause, filed September 8, 2014 (Doc 14), is denied;
4. Dismissal of this action counts as a strike pursuant to 28 U.S.C. § 1915(g); and
5. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   November 15, 2014                                  _____
                                                            SENIOR DISTRICT JUDGE

---

[1] The Second Amended Complaint contains nineteen pages of pleading and one hundred forty-eight pages of exhibits. (Doc. 10.) Specific factual allegations only make up approximately a page and a half of the nineteen pages of pleadings. (*Id.*, at 8:24-10:3.)