# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>                    Plaintiff,<br><br>         v.<br><br>GIPSON, et al.,<br><br>                    Defendants. | Case No.  1:14-cv-00042-AWI-JLT (PC)<br><br>**NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**<br><br>**(Doc. 22)** |

      Plaintiff, Zane Hubbard, is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on January 13, 2014.  (Doc. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      The Magistrate Judge screened and dismissed Plaintiff's Complaint with leave to amend for failure to state a claim.  (Doc. 7.)  On March 31, 2014, Plaintiff filed the First Amended Complaint which was screened and dismissed with leave to amend for failure to state a claim.  (Docs. 8, 9.)  Plaintiff filed the Second Amended Complaint on June 23, 2014.  (Doc. 10.)

      Despite being warned in the order that screened the First Amended Complaint of the parameters and application of *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994) to actions under section 1983, Plaintiff persisted to complain of his imprisonment and to seek his release in the

Second Amended Complaint.[1]  On August 22, 2014, the Magistrate Judge issued an order giving Plaintiff thirty days to show cause ("OSC") why this action should not be dismissed as barred by *Heck v. Humphrey*.  (Doc. 13.)  On September 8, 2014, Plaintiff filed his response which he titled as a motion for reconsideration.  (Doc. 14.)  Thus, on October 17, 2014, the Magistrate Judge reviewed Plaintiff's motion for reconsideration and screened the Second Amended Complaint resulting in Findings and Recommendations that Plaintiff's motion for reconsideration be denied and that the action be dismissed as barred by *Heck v. Humphrey* and for failure to state a claim.  (Doc. 15.)  Plaintiff filed timely objections on October 30, 2014 in which he persisted to complain of his confinement.  (Doc. 16.)  The order adopting the Findings and Recommendations which dismissed this action, found that this action was barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and that Plaintiff failed to state a cognizable claim for relief.  (Doc. 17.)

On November 16, 2014, Plaintiff filed a notice of appeal.  (Doc. 20.)  On December 9, 2014, the Court of Appeals for the Ninth Circuit referred the matter to the district court for the limited purpose of determining whether *in forma pauperis* should continue for this appeal.  28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  For the reasons which follow, the Court finds that Plaintiff's *in forma pauperis* status on appeal should be revoked.  *Id.*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  The test for allowing an appeal *in forma pauperis* is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous.  *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole).

Despite repeated warnings of the parameters and application of *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994) to actions under section 1983, Plaintiff persisted to complain of his

---

[1] The Second Amended Complaint contains nineteen pages of pleading and one hundred forty-eight pages of exhibits. (Doc. 10.) Specific factual allegations only make up approximately a page and a half of the nineteen pages of pleadings. (*Id.*, at 8:24-10:3.)

imprisonment and to seek his release in the Second Amended Complaint; further, despite repeatedly being given the legal standards that must be met to state a cognizable claim, Plaintiff failed to do so -- which makes all claims Plaintiff might hope to pursue on appeal frivolous. Plaintiff does not seek review of any issue that is not frivolous.

Accordingly, the Court HEREBY ORDERS as follows:

1. Pursuant to 28 U.S.C. § 19156(a)(3), the Court finds that Plaintiff's appeal was not taken in good faith and he should not be permitted to proceed in forma pauperis on appeal; and

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of the Court shall serve this order on Plaintiff and the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   December 16, 2014                    _____
                                              SENIOR DISTRICT JUDGE